**[J-119-2019] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| SUFFOLK CONSTRUCTION COMPANY, | : | No. 40 MAP 2019 |
| | : | |
| Objector | : | Appeal from the Order of |
| | : | Commonwealth Court at No. 2 REL |
| | : | 2017 dated March 18, 2019. |
| v. | : | |
| | : | Submitted: December 17, 2019 |
| | : | |
| RELIANCE INSURANCE COMPANY (IN | : | |
| LIQUIDATION)  (ANCILLARY MATTER | : | |
| TO IN RE: RELIANCE INSURANCE | : | |
| COMPANY (IN LIQUIDATION) 1 REL | : | |
| 2001) | : | |
| | : | |
| | : | |
| APPEAL OF: SUFFOLK | : | |
| CONSTRUCTION COMPANY | : | |


## DISSENTING OPINION


**JUSTICE BAER**                                        **DECIDED:  December 17, 2019**

        I would affirm the Commonwealth Court's order by adopting the rationale employed

by that court in its memorandum opinion, *Suffolk Construction Company v. Reliance*

*Insurance Company (In Liquidation)*, 2 REL 2019 (Pa. Cmwlth. filed March 18, 2019)

(unpublished), which held that, pursuant to the clear and unambiguous language of the

relevant settlement agreement:  (1) Appellant Suffolk Construction Company is precluded

from seeking insurance coverage from Appellee Reliance Insurance Company

("Reliance"); and (2) Reliance, through its statutory liquidator, had the right as a third party

beneficiary to enforce the settlement agreement.